IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 3:11-CR-146-K (21) |
| | ) | |
| CARLOS HUITRON MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Carlos Huitron Martinez filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) asserting that his health conditions in the context of the COVID-19 pandemic constitute extraordinary and compelling reasons for his release and that his release would be consistent with the factors of 18 U.S.C. § 3553(a). *See* Dkt. No. 813. The Court **DENIES** his motion.

Defendant was convicted of conspiracy to possess with the intent to distribute methamphetamine, and, held accountable for 3.99 kilograms of meth, he was sentenced to 168 months of imprisonment in March 2012. *See* Dkt. No. 333. Even after subsequent retroactive amendments lowered the sentencing ranges provided by the advisory guidelines, Defendant's sentence remains at the lowest end of the now-applicable range. *See* Dkt. No. 732. So he caught a break in 2012. And the Bureau of Prisons projects that Defendant, now 54, will be released on May 11, 2023.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But, under § 3582(c)(1)(A), as amended

by the First Step Act in 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.

"[B]efore [filing] a motion for compassionate release in federal court," however, a defendant must first "submit a request to 'the [BOP] to bring a motion on the defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). This "prefiling administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule." *United States v. Harmon*, 834 F. App'x 101, 101-02 (5th Cir. 2021) (per curiam) (citing Franco, 973 F.3d at 467-68)). If "the Government properly raise[s] the rule requiring exhaustion in the district court, 'the court must enforce the rule.'" *Id.* at 102 (quoting Franco, 973 F.3d at 468).

Here, Defendant attached to his motion, filed no sooner than November 14, 2021, the BOP's denial of his request for compassionate release dated June 16, 2021. *See* Dkt. No. 813 at 4. Defendant therefore carries his burden to show that 30 days elapsed from the BOP's receipt of the request for compassionate release to his filing in this Court and satisfies the prefiling requirement of administrative exhaustion. *See United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021).

Following *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021), "a district court considering a prisoner-filed motion [for compassionate release] is bound only by § 3582(c)(1)(A)(i) and the § 3553(a) sentencing factors." *United States v. Hampton*, No. 21-60056, 2021 WL 5409245, at *3 (5th Cir. Nov. 18, 2021) (per curiam) (citing *Shkambi*, 993 F.3d at 392). And, here, even if, considering COVID-19, the Court accepts that Defendant's documented health concerns are an extraordinary and compelling reason for his early release, he has not "convince[d] the [Court] to exercise discretion to grant the motion for compassionate release after considering the Section 3553(a) factors." *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (cleaned up; quoting *Shkambi*, 993 F.3d at 392).

Particularly in light of "(1) the nature and circumstances of the offense and history and characteristics of the defendant" and "(2) the need for the sentence imposed," specifically "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a), the applicable factors render inadequate the reduced sentence that Defendant now seeks (release to time served).

**SO ORDERED.**

**Signed February 15th, 2022.**

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE